Sean J. Riddell  OSB#013943
sean.riddell@live.com
Attorney At Law
4411 NE Tillamook St
Portland, OR 97140
971-219-8453
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| RACHEL ANDREW,<br><br>        Plaintiff,<br>    vs.<br><br>CITY OF PORTLAND; PORTLAND POLICE CHIEF MICHAEL REESE; LIEUTENANT CHRISTOPHER DAVIS; by and through the Portland Police Bureau and the City of Portland, a political subdivision of the State of Oregon<br><br>        Defendants. | Case No. 14-cv-671<br><br>COMPLAINT<br>Civil Rights Violations;<br>1st Amendment; Retaliation;<br><br>42 U.S.C. § 1983<br>42 U.S.C. § 2000e<br><br>Jury Trial Demanded<br><br>PRAYER: $300,000.00 or an amount to be proven at trial |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by and through his attorney, Sean J. Riddell, bring this Complaint herein and state and allege as follows:

///

///

///

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

1  COMPLAINT (JURY TRIAL DEMAND)

## INTRODUCTORY STATEMENT

1.

This action is filed by Plaintiff under 42 U.S.C. § 1983 and 42 U.S.C. § 2000e for events from JANUARY 2006 – PRESENT, alleging denial of due process, retaliation, and denial of freedom of speech and association, in violation of the First and Fourteenth Amendments of the United States Constitution.

2.

This court has jurisdiction over Plaintiff's claims of violations of Federal Constitutional Rights under 28 U.S.C. §§ 1331 and 1343.

3.

Venue is proper under 28 U.S.C. § 1391(b), in that one or more of the defendants reside in the District of Oregon and Plaintiff's claims for relief arose in this district.

## PARTIES

4.

At all material times Plaintiff Rachel Andrew ("Plaintiff") was employed in the City of Portland, Oregon and a public employee under ORS 243.650(19)

5.

At all material times, Michael Reese ("Defendant Reese") was the appointed Chief of Police for the City of Portland, Oregon. Defendant Reese was working under the color of law on behalf of the Portland Police Bureau, an agency of the City of Portland, Oregon. Defendant Reese is a final policy maker for the Portland Police Bureau. Defendant Reese is sued in his individual capacity.

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

6.

At all material times, Christopher Davis ("Defendant Davis") was or is a Lieutenant or Captain for the Portland Police Bureau, in the State of Oregon, working under the color of law on behalf of the Portland Police Bureau, an agency of the City of Portland, Oregon. Defendant Reese supervised Defendant Davis in his capacity as a Lieutenant or Captain. Defendant Davis is sued in his individual capacity.

7.

At all material times, Defendant Portland Police Bureau was a political subdivision of the City of Portland, Oregon. As a local government entity, Defendant City of Portland is a suable person under 42 U.S.C. § 1983. At all times relevant to this Complaint, Defendant City of Portland employed Defendant Reese, and Defendant Davis.  At all times relevant to this Complaint, Defendant Reese and Defendant Davis, were acting pursuant to Defendant City of Portland's laws, customs, and/or policies. As the employer of Defendant Reese and Defendant Davis, Defendant City of Portland is vicariously liable for all of the tortuous and unconstitutional acts and omissions of the defendants committed within the course and scope of their employment.

8.

All Defendants acted under color of law at all times relevant to this Complaint

9.

At all material times respondent City of Portland is a public employer within the meaning of ORS 243.650(20).

///

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

3  COMPLAINT (JURY TRIAL DEMAND)

10.

Plaintiff is entitled to an award of attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

**FACTUAL ALLEGATIONS**

11.

During 2006 and 2007 Plaintiff conducted an internal investigation regarding the improper use of an informant by an officer under Defendant Davis' supervision.

12.

At the conclusion of the investigation Plaintiff recommended discipline for the officer and Defendant Christopher Davis.

13.

Soon after the conclusion of the aforementioned investigation and during 2008, Plaintiff applied for promotion to the rank of Lieutenant with the Portland Police Bureau.

14.

During the 2008 Lieutenant promotion process, Defendant Reese told Plaintiff that he took exception with the depth of her investigation of the officer under Defendant Davis' supervision and Defendant Davis. Defendant Reese also informed Plaintiff that if she was selected for promotion that she should decline the promotion.

15.

In June of 2008 Plaintiff was promoted to the rank of Lieutenant.

///

///

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

4   COMPLAINT (JURY TRIAL DEMAND)

16.

While serving as one of the supervisors for the Internal Affairs Division of the Portland Police Bureau, Defendant Davis initiated an investigation targeting Plaintiff, claiming Plaintiff was untruthful.

17.

At the conclusion of the investigation initiated by Defendant Davis, Commander Brumfield, the Internal Affairs Division Commander, authored a memo exonerating Plaintiff of the truthfulness allegation.

18.

Defendant Davis, without precedent, authored his own memo in contradiction of Commander Brumfield and recommended a sustained complaint for truthfulness, which would lead to termination.

19.

Defendant Reese disciplined Plaintiff on or about January 22, 2012 based upon Defendant Davis's conclusions.

20.

On or about June 26, 2012 Mayor Sam Adams signed Defendant Reese's discipline letter address to the Plaintiff.

21.

On or about June 29, 2012 Plaintiff received and signed the acknowledge letter of the aforementioned discipline.

///

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

5  COMPLAINT (JURY TRIAL DEMAND)

22.

Plaintiff sent the City of Portland the appropriate Tort Claim Notice via certified mail on December 3, 2012.

23.

Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries on or about June 13, 2013 claiming state and federal law violations, including but not limited to, retaliation and sexual discrimination.

24.

On January 31, 2014 the Oregon Bureau of Labor and Industries issued Plaintiff a 90 day Right to Sue letter.

25.

In 2013 Plaintiff applied for promotion to the rank of Captain with the Portland Police Bureau. At the end of the selection process in September of 2013, Plaintiff was ranked fifth out of thirteen applicants.

26.

Defendant Reese selected two applicants for promotion to the rank of Captain rated lower than Plaintiff. One of the applicants was Defendant Davis.

**FIRST CLAIM FOR RELIEF: Retaliation**
42 U.S.C. 1983 Violation of 1st and 14th Amendment to the Constitution
(Defendant Davis)

27.

Plaintiff re-alleges all previous paragraphs.

///

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

6  COMPLAINT (JURY TRIAL DEMAND)

28.

Plaintiff's investigation of Defendant Davis and subsequent recommendation that Defendant Davis be disciplined in 2006 and 2007 is a protected act under the 1st and 14th Amendment.

29.

Defendant Davis' decision to investigation or recommendation to discipline Plaintiff in 2010 were motivated by Plaintiff's 2006 and 2007 investigation and discipline recommendation of Defendant Davis.

30.

Plaintiff's investigation and recommendation regarding Defendant Davis was a motivating factor for Defendant Davis in at least one or more, but not exclusive to the following actions:

a. initiating the 2010 investigation of Plaintiff;

b. manipulating the investigation to the determent of Plaintiff;

c. ignoring critical facts that would exonerate Plaintiff;

d. his final recommendation to discipline Plaintiff at the conclusion of the 2010.

31.

As a result of the above-described actions Plaintiff has suffered damages totaling at least $300,000.00, including last wages, and benefits, harm to reputation, emotional distress, and incurrence of attorney fees and other costs.

## SECOND CLAIM FOR RELIEF
42 U.S.C. 1983 Violation of the 1st and 14th Amendment to the Constitution
(Defendant Reese)

32.

Plaintiff re-alleges all paragraphs previously alleged.

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

33.

Plaintiff's investigation of Defendant Davis and subsequent recommendation that Defendant Davis be disciplined in 2006 and 2007 is a protected act under the 1st and 14th Amendment.

34.

Defendant Reese's decisions to discipline of Plaintiff on or about June 29, 2013 and/or not promote Plaintiff to the rank of Captain on or about September 19, 2013 were motivated by Plaintiff's investigation and subsequent recommendation to discipline Defendant Davis in 2006.

35.

Defendant Reese's discipline of Plaintiff had an adverse impact on Plaintiff's employment.

36.

As a result of the above-described actions Plaintiff has suffered damages totaling at least $300,000.00, including last wages, and benefits, harm to reputation, emotional distress, and incurrence of attorney fees and other costs.

**THIRD CLAIM FOR RELIEF: Substantive Due Violations**
42 U.S. C. § 1983 Violation of the 14th Amendments
(Defendant Reese and Defendant Davis)

37.

Plaintiff re-alleges all paragraphs previously alleged.

38.

Plaintiff's secured due process rights were intentionally deprived by Defendant Reese in his failure to properly supervise Defendant Davis herein who engaged in illegal, malicious, and wrongful conduct, together and individually.

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

39.

Defendant Davis' investigation and recommendation for discipline in retaliation of Plaintiff's previous investigation of Defendant caused irreparable harm to Plaintiff's employment potential and a deprivation of Plaintiff's 14th Amendment rights.

40.

Defendants Reese knew or reasonably should have known that his subordinate was engaging in acts and that his conduct would deprive the Plaintiff of her 14th Amendment rights, and Defendants Reese failed to act to prevent the conduct of his subordinate from engaging in such conduct.

41.

The conduct of Defendant Reese's subordinate, Defendant Davis, is well defined by law and Defendant Davis knew or reasonably should have known that his conduct was not only well below the standard of law described herein, but was illegal per se.

42.

As a result of the above-described actions Plaintiff has suffered damages totaling at least $300,000.00, including last wages, and benefits, harm to reputation, emotional distress, and incurrence of attorney fees and other costs.

**FOURTH CLAIM FOR RELIEF: RETALIATION**
Title VII of the Civil Rights Act, 42 U.S.C. § 2000e
(Defendant City of Portland)

43.

Plaintiff re-alleges all previous paragraphs.

///

///

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

44.

Plaintiff's investigation or discipline recommendations regarding Defendant Davis are protected acts under the 1st and 14th Amendment.

45.

Plaintiff's investigation or discipline recommendation regarding Defendant Davis were motivating factors for Defendant Reese or Defendant Davis when deciding whether or not to investigate or discipline Plaintiff.

46.

As a result of the above-described actions Plaintiff has suffered damages totaling at least $300,000.00, including last wages, and benefits, harm to reputation, emotional distress, and incurrence of attorney fees and other costs.

47.

As a result of Constitutional violations and Tortious acts listed in the above four claims for relief, Plaintiff suffered mental and emotional distress, economic damages and lost of future income.  The extent of Plaintiff's damages will be more fully proven at trial.

**FIFTH CLAIM FOR RELIEF:  Substantive Due Process Violations**
42 U.S. C. § 1983 Violation of the 14th Amendments
(All Defendants)

48.

Plaintiffs re-allege all previous paragraphs.

49.

Plaintiff has a protected property interest in her employment and livelihood.  This interest is subject to procedural due process protection by the 14th Amendment.  She has a right not to be

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

10  COMPLAINT (JURY TRIAL DEMAND)

deprived of this employment or adversely effected in his employment without due process or to be subject to abuse at her employment without proper recourse.

50.

Defendants herein engaged in illegal, malicious, and wrongful conduct, together and individually, intentionally deprived Plaintiff's secured due process rights.

51.

The actions of Defendants jointly and severally were intentional and without justification or right.  The actions of Defendants of depriving Plaintiff the ability to perform her career, violates the very concept of decency, shocks the conscience and were deliberate actions in violation of the 14th Amendment.

52.

Defendants' conduct were well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard of law described herein, but was illegal per se.

53.

As a result of the above-described actions Plaintiff has suffered damages totaling at least $300,000.00, including last wages, and benefits, harm to reputation, emotional distress, and incurrence of attorney fees and other costs.

WHEREFORE Plaintiff pray as follows:

1. Findings that Defendants violated Plaintiff's substantive due process rights and free speech rights.
2. Findings that Defendants denied Plaintiff his right to free speech in violation of the First Amendment;

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

3. Findings that Defendants denied Plaintiff his procedural due process rights in violation of the Fourteenth Amendment;

4. Findings that Defendants engaged in retaliation against Plaintiff for exercising her First Amendment free speech rights;

5. Judgment against Defendants for economic and non-economic losses to Plaintiff for the constitutional violations herein for at least $300,000.00 or in an amount to be proven at trial;

6. Judgment against Defendants for punitive damages in a fair and reasonable amount to be proven at trial;

7. Judgment against Defendants for deterrence damages in a fair and reasonable amount to be proven at trial; and

8. Judgment for costs, interests, attorney fees and such other and further relief as the Court deems just and equitable.

DATED this April 23, 2014

Respectfully submitted,

/s/ *Sean J. Riddell*
Sean J. Riddell  OSB 013493
Of Attorney for Plaintiff

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

12  COMPLAINT (JURY TRIAL DEMAND)