DENIS M. VANNIER, Oregon State Bar ID Number 044406
Deputy City Attorney
Email denis.vannier@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-
Of Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RACHEL ANDREW**,<br><br>    **PLAINTIFF,**<br><br>    v.<br><br>**CITY OF PORTLAND; MICHAEL REESE; CHRISTOPHER DAVIS;** by and through the Portland Police Bureau and the City of Portland, a political subdivision of the State of Oregon,<br><br>    **DEFENDANTS.** | 3:14-cv-00671-HU<br><br>**DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT**<br><br>(Oral Argument Requested) |

**I.      Motion**

Defendants City of Portland, Michael Reese, and Christopher Davis ("defendants") hereby move this court under FRCP 12 for an order dismissing all of plaintiff's claims against them or, in the alternative, ordering plaintiff to make those claims more definite and certain. Pursuant to Local Rule 7(a), defendants made a good-faith effort through telephone conferences with opposing counsel to resolve the matters disputed herein and have been unable to do so. Specifically, defendants move this court for an order as follows:

Page  1  –   DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

1.      Dismissing plaintiff's 42 USC § 1983 retaliation claim against defendant Davis (first claim for relief) because plaintiff did not allege facts showing causation, plead defendant's intent to discriminate against plaintiff as a member of a Fourteenth Amendment protected class, and otherwise did not make sufficient factual allegations to support her claim as required by FRCP 12(b)(6).  Alternatively, defendant moves to require plaintiff to make her claim more definite and certain.[1]  FRCP 12(e).

2.      Dismissing plaintiff's 42 USC § 1983 retaliation claim against defendant Reese (second claim for relief) because plaintiff did not allege facts supporting her First Amendment claim, plead defendant's intent to discriminate against plaintiff as a member of a Fourteenth Amendment protected class, and otherwise did not make sufficient factual allegations to support her claim as required by FRCP 12(b)(6).  Alternatively, defendant moves to require plaintiff to make her claim more definite and certain.  FRCP 12(e).

3.      Dismissing plaintiff's 42 USC § 1983 retaliation claim against defendants Reese and Davis (third claim for relief) with prejudice because plaintiff did not and cannot allege facts that implicate substantive due process, because the claim is barred by her first two claims under the First Amendment, and otherwise did not make sufficient factual allegations to support her claim as required by FRCP 12(b)(6).  Alternatively, defendants move to require plaintiff to make her claim more definite and certain.[1]  FRCP 12(e).

4.      Dismissing plaintiff's Title VII retaliation claim against defendant City of Portland (fourth claim for relief) because plaintiff did not make factual allegations to show causation, or to otherwise support her claim as required by FRCP 12(b)(6), and because that

---

[1] Defendants note that they have concurrently moved for partial summary judgment against plaintiff's first and third claims for relief on statute-of-limitations grounds. (*See* Defendants' Motion for Partial Summary Judgment). Defendants make the present motion to dismiss or make more definite and certain in the alternative, in the event this court were to decline defendant's motion for partial summary judgment on those claims.

Page  2  –   DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT

claim appears to be unexhausted and untimely.  Alternatively, defendant moves to require plaintiff to make her claim more definite and certain.  FRCP 12(e).

        5.      Dismissing plaintiff's 42 USC § 1983 substantive due process (possibly procedural due process) claim against all defendants City of Portland (fifth claim for relief) because the claim is duplicative, or fails to allege facts to show a deprivation of plaintiff's life, liberty, or property right by defendants, and otherwise did not make factual allegations to support her claim as required by FRCP 12(b)(6).  Alternatively, defendant moves to require plaintiff to make her claim more definite and certain.  FRCP 12(e).

## II.    Standard for Granting a Motion to Dismiss Under FRCP 12(b)(6) and Pleading Requirements

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  But legal conclusions need not be taken as true merely because they are cast in the form of factual allegations.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

FRCP 8 sets forth the basic rules for pleadings filed in this court.  In particular, a proper pleading requires "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  FRCP 8(a)(s); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FRCP 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotation marks and ellipsis omitted).  Although that standard does not mandate "detailed factual allegations," it does require

Page  3 –   DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 355 U.S. at 555. And the "plain statement" required by the rules "must possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id*. at 557 (quoting FRCP 8(a)(s)). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id.* at 555 (internal citations and quotation marks omitted).

The Supreme Court has recently summarized the standard for granting motions to dismiss and federal pleading requirements in the following terms:

- "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."
- "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss."

*Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). In other words, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"; without such factual allegations, they "are not entitled to the assumption of truth." *Id.* at 679. A plaintiff must plead facts sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Here, as explained below, none of plaintiff's claims meets the above threshold. Those claims should therefore be dismissed, or alternatively, plaintiff should be ordered to make them more definite and certain.

### III. Argument

Plaintiff alleges that defendants engaged in a variety of activities related to an investigation and eventual decision to discipline her, which she claims violated a variety of her rights under the First and Fourteenth Amendment to the United States Constitution and Title VII of the Civil Rights Act of 1964. (*See* Docket 1, Complaint ("Complaint") at ¶¶ 26-47). But none

Page  4  –   DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO
                   MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

of those claims contains assertions sufficient to even describe—let alone support—the alleged violations of law and entitlement to relief. Plaintiff's claims consist mainly of generic headings stating the violations of law alleged and some legal conclusions, without factual allegations sufficient to determine the basis of each claim or the nexus to the relief sought. Indeed, some of plaintiff's claims verge on the inscrutable. Those inadequacies make it impossible for defendants to understand or respond to those claims. For those reasons, this court should order those claims to be dismissed or, alternatively, order them to be made more definite and certain.

A.  ***First Claim for Relief:** Plaintiff asserts a §1983 claim based on purported violations of the First and Fourteenth amendments, but does not show causation as to her First Amendment claim and provides no explanation for what the Fourteenth Amendment rights alleged to have been violated might have been.[2]*

The heading to plaintiff's first claim for relief states that it is a §1983 retaliation claim against defendant Davis for alleged "[v]iolations of 1st and 14th Amendment to the Constitution." (Complaint at ¶ 26). More specifically, plaintiff alleges that Davis's "decision to investigation [*sic*] or recommendation to discipline plaintiff in 2010" was taken in retaliation for her alleged "investigation of Defendant Davis and subsequent recommendation that Defendant Davis be disciplined in 2006 and 2007"—which plaintiff contends were "protected act[s] under the 1st and 14th Amendment." (Complaint at ¶ 28). But plaintiff pleads no facts to support those legal theories, and this retaliation claim is improperly pleaded—especially with respect to the alleged Fourteenth Amendment component, which is unintelligible. This court should therefore dismiss this claim or, in the alternative, order that it be made more definite and certain.

---

[2] As noted previously, defendants have concurrently moved for partial summary judgment against this claim on statute-of-limitations grounds. (*See* Defendant's Motion for Partial Summary Judgment). Defendants make the present motion in the alternative, in the event this court were to decline defendant's motion for partial summary judgment.

Page 5 –   DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT

*1.* *First Amendment component*

The first underlying constitutional violation on which Plaintiff appears to base this §1983 claim is First Amendment retaliation. (*See* Complaint at ¶¶ 26, 28). To state a claim for retaliation based on exercise of First Amendment rights, a plaintiff must allege the following elements: **(1)** the plaintiff engaged in expressive conduct that addressed a matter of public concern; **(2)** the government official took an adverse action against the plaintiff; and **(3)** the expressive conduct was a substantial or motivating factor for the adverse action taken by the government official. *Alpha Energy Savs., Inc. v. Hansen,* 381 F.3d 917, 923 (9th Cir. 2004). In this case, plaintiff's First Amendment retaliation claim does not satisfy—indeed, cannot satisfy—the third element of causation.

Plaintiff appears to claim that defendant Davis took adverse action against her in 2010, which she contends was motivated by protected speech in "2006 and 2007." (Complaint at ¶ 28). But that bare allegation is insufficient to allege causation. Courts have consistently held that such a long delay—in this case, three years or more—suggests, on its own, no causation at all. *See, e.g., Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (*per curiam*) (holding that a delay of "almost two years" between protected speech and the challenged action "suggests, by itself, no causality at all"); *cf. Freitag v. Ayers*, 468 F.3d 528, 543 (9th Cir. 2006) (holding that a delay of only "months" could support an inference of causation); *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 929 (9th Cir.2004) (explaining that, typically, a "three-to-eight-month time range" will support an inference of causation). Here, plaintiff does not point to any facts that would suggest any causal link between her alleged speech "in 2006 and 2007" and the initiation of an investigation in 2010.

Instead, plaintiff merely states a legal conclusion: she alleges, without supporting facts, that her alleged speech "in 2006 and 2007" was "a motivating factor" in the decision to investigate her three years later. Legal conclusions are insufficient to make out a claim of First

Page  6 –   DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Amendment retaliation. This court should therefore dismiss this claim, or alternatively, order plaintiff to make it more definite and certain.

2. *Fourteenth Amendment component*

Plaintiff also appears to try to allege some kind of Fourteen Amendment violation. (*See* Complaint at ¶ 26). Plaintiff thus states that her alleged prior investigation of defendant Davis and alleged recommendation for discipline were "protected act[s] under the * * * 14th Amendment," and that defendant Davis retaliated against her for performing those constitutionally protected acts. (Complaint at ¶¶ 28-29). But plaintiff does not explain how or why she believes the Fourteenth Amendment protected her alleged investigation and recommendation. Indeed, plaintiff's allegations do not fit within any recognized category of Fourteenth Amendment protection, and her claim in that respect is unintelligible.

If plaintiff was attempting to assert a Fourteenth Amendment Equal Protection claim, then her complaint is deficient in numerous respects. As the Ninth Circuit has explained, "[t]o state a claim under 42 USC §1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles,* 250 F.3d 668, 686 (9th Cir.2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998)). Plaintiff makes no such allegations here: she does not claim any intent or purpose to discriminate, describe any discriminatory behavior based on membership in a protected class, or identify a protected class to which she belongs.

In sum, plaintiff's first claim for relief does not allege facts sufficient to make out a First Amendment retaliation claim, and the alleged Fourteenth Amendment violation is unintelligible and does not fit within any recognized category of Fourteenth Amendment claim. This court should therefore dismiss this claim, or alternatively, order plaintiff to make it more definite and certain.

Page  7 –   DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

B.   <u>*Second Claim for Relief*</u>: *Plaintiff asserts a §1983 claim based on purported violations of the First and Fourteenth amendments, but does not show causation as to her First Amendment claim and provides no explanation for what the Fourteenth Amendment rights alleged to have been violated might have been.*

The heading to plaintiff's second claim for relief states that it is a §1983 claim against defendant Reese for alleged "[v]iolations of 1st and 14th Amendment to the Constitution." (Complaint at ¶ 26). More specifically, plaintiff alleges that defendant Reese's "decisions to discipline of [*sic*] Plaintiff on or about June 29, 2013, and/or not promote Plaintiff to the rank of Captain on or about September 19, 2013, were motivated by" plaintiff's alleged "investigation of Defendant Davis and subsequent recommendation that Defendant Davis be disciplined in 2006 and 2007"—which plaintiff contends were "protected act[s] under the 1st and 14th Amendment." (Complaint at ¶¶ 33-34). But for the same reasons discussed above with respect to plaintiff's first claim for relief, this claim is improperly pleaded. This court should therefore dismiss it or, in the alternative, order that it be made more definite and certain.

First, as explained above, to state a §1983 claim for an alleged violation of the First Amendment, a plaintiff must plead sufficient facts to suggest that "the expressive conduct was a substantial or motivating factor for the adverse action taken by the government official." *Alpha Energy Savers, Inc.*, 381 F.3d at 923. Here, plaintiff does not point to any facts that would support such an inference. Indeed, she states that her alleged protected conduct occurred *six years or more* before the alleged retaliatory act. (*See* Complaint at ¶ 34). Moreover, plaintiff acknowledges that defendant Reese was not even the target of plaintiff's alleged protected speech those many years before. (Complaint at ¶ 33). Plaintiff therefore does not plead sufficient facts to make out a First Amendment retaliation claim. *See Clark County Sch. Dist.*, 532 U.S. at 273-74 (a delay of "almost two years" between protected speech and the challenged action "suggests, by itself, no causality at all"). This court should accordingly dismiss plaintiff's claim on that basis or order plaintiff to make it more definite and certain.

Page  8 –   DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT

Second, for the same reasons explained above with respect to plaintiff's first claim for relief, plaintiff's alleged Fourteenth Amendment claim is unintelligible. Plaintiff does not explain how or why she believes the Fourteenth Amendment protected her alleged investigation and recommendation in 2006 and 2007, and her allegations do not fit within any recognized category of recognized Fourteenth Amendment claim. For those reasons, this court should dismiss plaintiff's second claim for relief or, in the alternative, order plaintiff to make it more definite and certain.

C. **_Third Claim for Relief: Plaintiff appears to be trying to assert a substantive-due-process claim, but the allegations pleaded do not state such a claim and, moreover, plaintiff cannot simultaneously pursue free-speech and substantive-due-process claims on the same facts._**[3]

The heading to this claim states that it is a §1983 claim against defendants Reese and Davis for alleged "Substantive Due violations [*sic*]" based on "Violations of the 14th Amendment." (Complaint at ¶ 36). But plaintiff does not—and cannot—allege any facts that would state a claim for deprivation of substantive due process under any recognized category. Moreover, the rights that plaintiff appears to be trying to vindicate are already protected by a specific amendment and therefore cannot also serve as a basis for a substantive-due-process claim. For those reasons, this court should order this claim dismissed with prejudice or, in the alternative, order that it be made more definite and certain.

As an initial matter, it is important to note that §1983 does not create substantive rights. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Instead, it merely provides a vehicle to enforce substantive rights provided elsewhere by the federal government, such as constitutional rights. *Id*. And because it does not provide any substantive rights, to properly plead a §1983

---

[3] As noted previously, defendants have concurrently moved for partial summary judgment against this claim on statute-of-limitations grounds. (*See* Defendant's Motion for Partial Summary Judgment). Defendants make the present motion in the alternative, in the event this court were to decline defendant's motion for partial summary judgment.

Page  9 –   DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT

claim, a plaintiff cannot plead merely a violation of §1983. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). Instead, "a section 1983 plaintiff must allege an independent substantive basis for relief." *Crumpton*, 947 F.2d at 1420.

Here, plaintiff states generally that this §1983 claim is based on alleged "Substantive Due violations [*sic*]." (Complaint at ¶ 36). But the allegations in support of that claim consist of generic legal conclusions and do not appear to fit into any category of recognized substantive-due-process claim. Plaintiff thus states that defendant Reese failed to supervise defendant Davis' allegedly "illegal, malicious, and wrongful conduct" which was "well below the standard of law" and "illegal per se"—but plaintiff does not specify the underlying conduct, its purported illegality, or how either of the defendants' conduct implicated substantive due process. (Complaint at ¶ 38, 41). Plaintiff's allegations are, quite simply, so generic as to be unintelligible. Moreover, assuming that plaintiff intended to bring a substantive-due-process claim, she had to allege sufficient facts to satisfy two elements.

First, she had to show that an executive action deprived her of a right fundamental to our concepts of ordered liberty—since substantive-due-process rights have generally been limited to areas of personal, intimate, and individual rights. Those areas include "for the most part * * * matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright, v. Oliver,* 510 U.S. 266, 272 (1994) (citing *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 847-849 (1992)). Here, plaintiff does not—and cannot—allege that her claim falls within any recognized category of substantive-due-process claim. The only allegations plaintiff makes describing any harm to her are that **(1)** she was disciplined and received a discipline letter (Complaint at ¶ 19, 21); **(2)** that she applied for and did not obtain a promotion to the rank of captain (Complaint at ¶ 25, 25); and **(3)** that defendants' actions "caused irreparable harm to Plaintiff's employment potential." (Complaint at ¶ 39). Those are not the kind of "personal, intimate, and individual rights" that implicate substantive due process, and plaintiff cannot show

Page 10 –   DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT

otherwise.  For that reason, as a matter of law, plaintiff cannot plead a substantive-due-process claim in this case.

Second, to plead a substantive-due-process claim, plaintiff also had to point to conduct on the part of defendants that "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense."  *County of Sacramento v. Lewis*, 523 U..S 833, 847 (1998) (quoting *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 128 (1992)).  Here, plaintiff does not describe the nature of her workplace discipline, the circumstances under which it was imposed or carried out, or any facts suggesting that the defendants' conduct was "arbitrary, or conscience shocking, in a constitutional sense."  *County of Sacramento*, 523 U.S. at 847.  Plaintiff does not allege that she lost her employment, but merely that she incurred some potential and unspecified future harm.  Defendants cannot defend against those claims without any specific allegations describing the conduct at issue.

More fundamentally, as alluded to above, discipline in an employment context—no matter its level—does not rise to the level of shocking the conscience in the constitutional sense. The Supreme Court has repeatedly cautioned against expanding substantive-due-process protections to novel areas: "As a general matter, the Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decision making in this unchartered area are scarce and open-ended."  *Albright, v. Oliver,* 510 U.S. 266, 271-72 (1994) (quoting *Collins v. Harker Heights*, 503 U.S. 115, 125 (1992)).  Because plaintiff cannot possibly plead a substantive-due-process claim in this case, this court should dismiss this claim with prejudice.

Finally, as the Supreme Court explained in *Albright*, a plaintiff cannot bring a substantive-due-process claim if she can bring a claim on the same facts under another constitutional provision.  *See Albright,* 510 U.S. at 274-75 (affirming dismissal of substantive due-process-claim because the plaintiff could bring a claim under the Fourth Amendment).

Page  11  –   DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT

Here, plaintiff has already brought §1983 claims under the First Amendment because she alleges she was disciplined for exercising her free-speech rights. (*See* Complaint, claims 1 and 2). The present claim, although nebulous, appears to be based on the same facts. Because plaintiff already has a specific remedy for those alleged free-speech violations under a specific constitutional provision—the First Amendment—this court may not consider a duplicate substantive-due-process claim based on the same events.

In sum, plaintiff's third claim for relief is largely unintelligible, relies mostly on conclusory legal assertions, and does not fit any recognized category of substantive-due-process claim. Moreover, plaintiff cannot bring a substantive-due-process claim in the context of workplace discipline. Finally, this claim appears to be merely duplicative of claims one and two. For those reasons, as discussed above, this court should dismiss this claim with prejudice or, in the alternative, order that it be made more definite and certain.

**D.     *Fourth Claim for Relief*: Plaintiff purports to make a Title VII retaliation claim but does not properly plead such a claim.**

The heading for this claim states that it arises under "Title VII of the Civil Rights Act, 42 U.S.C. § 2000e." (*See* Complaint at ¶ 42). But the body of the claim contains no further reference to Title VII, referring instead to acts allegedly protected by the First and Fourteenth amendments. (*See* Complaint at ¶ 44). Plaintiff does not allege any facts sufficient to plead a violation of Title VII of the Civil Rights Act of 1964,[4] and this court should therefore order this claim to be dismissed or, in the alternative, made more definite and certain.

The elements of a *prima facie* case of retaliation under Title VII are the following: plaintiff **(1)** engaged in an activity protected by Title VII; **(2)** she was subject to an adverse employment action; and **(3)** there exists a causal link between the protected activity and the employer's action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493,

---

[4] 42 USC §§ 2000e - 2000e-16

Page 12 –   DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT

506 (9th Cir. 2000). Here, plaintiff does not plead any facts that would support such a claim. In particular, she does not identify any activity protected by Title VII in which she allegedly engaged, or that there was any causal link between such protected activity and an adverse employment action.

Defendants could find only this reference to any action arguably implicating Title VII: "Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries on or about June 13, 2013 claiming state and federal law violations, including but not limited to, retaliation and sexual discrimination" (Complaint at ¶ 23). But plaintiff does not appear to claim that she was subjected to any adverse action for making that BOLI complaint. Instead, she claims that she suffered adverse action for her 2006-07 "investigation or discipline recommendations regarding Defendant Davis [which were] protected acts under the 1st and 14th Amendment [*sic*]." (Complaint at ¶ 44). Alleging constitutional violations, however, is not the same thing as alleging a violation of Title VII. Title VII protects those rights enumerated in Title VII—it is not a vehicle for enforcing other rights, such as constitutional rights.[5] *See Passantino,* 212 F.3d at 506 (noting that a Title VII claim requires a showing that the plaintiff "engaged in activity *protected by Title VII*") (emphasis added). Furthermore, for the same for the same reasons already discussed above in response to plaintiff's first and second claims for relief, plaintiff cannot show any causal connection between her actions in 2006 and 2007, and defendants' actions many years later.

In addition, to the extent plaintiff intended to plead a discrimination claim under Title VII—which prohibits discrimination by an employer against individuals on the basis of a protected class of race, color, religion, sex or national origin—Plaintiff provides no facts,

---

[5] Moreover, to the extent plaintiff is attempting to make a First Amendment retaliation claim, or to state some claim under the Fourteenth Amendment, such a claim fails for the same reasons already discussed above in response to plaintiff's first and second claims for relief.

Page  13 –   DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT

explanation, or theory that would support such a claim.[6]  Plaintiff does not allege that she was discriminated against based on her membership in any protected class and does not point to any allegedly discriminatory actions on the part of defendants.

Finally, plaintiff does not plead any facts that would show that she filed this claim within 90 days for receiving a right-to-sue letter from the EEOC.  *See Surrell v. California v. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2007) (explaining that a person "seeking relief under Title VII must first file a charge with the EEOC" and subsequently must file her federal claim within 90 days of "receive[ing] an EEOC right-to-sue letter.")  As pleaded, plaintiff's Title VII claim appears to be both unexhausted and time-barred.

In sum, plaintiff does not make any factual allegations sufficient to support a Title VII claim, be it a retaliation claim or a discrimination claim.  This court should therefore dismiss this claim or, in the alternative, order that it be made more definite and certain.

E. ***Fifth Claim for Relief: The basis for this §1983 claim, which mentions the Fourteenth Amendment, substantive due process, and procedural due process, is factually and legally unintelligible.***

This claim for relief is captioned "Substantive Due Process Violations," but the body of the claim refers to the "procedural due process protection [of] the 14th Amendment." (Complaint

---

[6] 42 USC § 2000e-2. *[Section 703]* (a) Employer practices. It shall be an unlawful employment practice for an employer –

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

Page  14 –   DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

at ¶¶ 47, 49).  Furthermore, the factual allegations in support of this claim do not fit any recognized procedural or substantive due-process category.  Indeed, this claim is simply unintelligible.  This court should therefore dismiss it or, in the alternative, order that it be made more definite and certain.

As an initial matter, based on the caption of this claim, it is possible that plaintiff may have intended to plead a substantive-due-process claim.  If so, this court should dismiss it with prejudice as duplicative of plaintiff's third claim for relief and for the same reasons discussed above with respect to that claim.

Based on the reference in the body of the claim to "procedural due process," however, it appears that plaintiff may have been trying to plead a procedural-due-process claim.  If so, it should be dismissed for failing to plead sufficient factual allegations to make out such a claim.

Constitutional Due Process requires certain procedures before a person is deprived of a property right.  The process that is due depends on the nature of the property right and of the deprivation, and is a question of law for the court.  *See Belnap v. Chang*, 707 F.2d 1100, 1102 (9th Cir. 1983) (whether due process has been afforded is a question of law).  Generally, due process requires notice of the possible deprivation and an opportunity to be heard: "[a]n essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'"  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)).

Here, assuming plaintiff intended to plead a deprivation of due process, she does make any allegations sufficient to plead the basic elements of such a claim.  To plead a procedural due process claim, a plaintiff must show **(1)** a deprivation of a life, liberty, or property right; and **(2)** that plaintiff did not receive the process due.  The Ninth Circuit has held that a due-process claim is analyzed in a two-step process: "First, we must determine whether the [plaintiff] had a

Page  15 –   DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

protected property interest in their continued employment.  Second, we must determine whether, in being deprived of this interest, they received all the process that was due." *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 331 (9th Cir. 1995).

In this case, plaintiff makes no allegation regarding a deprivation of any right.  Life and liberty are not at issue in this case.  And the only property interest arguably asserted anywhere in the complaint appears to a right to be free from discipline in employment—and plaintiff provides no factual description or legal basis of such a right.  More importantly, plaintiff does not allege what process she contends she should have received, but was denied.  Because this claim lacks even the most basic factual allegations, this court should dismiss it or, in the alternative, order that it be made more definite and certain.

## IV.   Conclusion

As explained above, plaintiff's claims do not contain allegations sufficient to describe the claimed legal violations, and in some instances it is impossible even to discern what kind of legal claim plaintiff is attempting to make.  Because of those inadequacies, plaintiff does not state claims for which relief can be granted, and defendants cannot understand or respond to those claims.  For those reasons, this court should order those claims to be dismissed or, alternatively, order them to be made more definite and certain.

Dated:  August 6, 2014

Respectfully submitted,

*/s/ Denis M. Vannier*
DENIS M. VANNIER, OSB # 044406
Deputy City Attorney
Telephone: (503) 823-4047
Attorney for Defendants

Page  16 –   DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MEMORANDUM IN SUPPORT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047