Sean J. Riddell  OSB#013943
sean.riddell@live.com
Attorney At Law
4411 NE Tillamook St
Portland, OR 97140
971-219-8453
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| RACHEL ANDREW, | Case No. 3:14-cv-00671-HU |
| Plaintiff, | 1ST AMENDED COMPLAINT |
| vs. | Civil Rights Violations; |
| | 1st Amendment; Retaliation; |
| CITY OF PORTLAND; PORTLAND POLICE CHIEF MICHAEL REESE; LIEUTENANT CHRISTOPHER DAVIS; by and through the Portland Police Bureau and the City of Portland, a political subdivision of the State of Oregon | 42 U.S.C. § 1983 |
| | Jury Trial Demanded |
| | PRAYER: $300,000.00 or an amount to be proven at trial |
| Defendants. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by and through his attorney, Sean J. Riddell, bring this Complaint herein and state and allege as follows:

///

///

///

Sean J. Riddell<br>Attorney at Law<br>4411 NE Tillamook Ave<br>Portland OR, 97213<br>971/219-8453

1   1st AMENDED COMPLAINT (JURY TRIAL DEMAND)

## INTRODUCTORY STATEMENT

1.

This action is filed by Plaintiff under 42 U.S.C. § 1983 and the United States Constitution for events from JANUARY 2006 – PRESENT, alleging denial of substantive due process, retaliation, and denial of freedom of speech and association, in violation of the First Amendment of the United States Constitution.

2.

This court has jurisdiction over Plaintiff's claims of violations of Federal Constitutional Rights under 28 U.S.C. §§ 1331 and 1343.

3.

Venue is proper under 28 U.S.C. § 1391(b), in that one or more of the defendants reside in the District of Oregon and Plaintiff's claims for relief arose in this district.

## PARTIES

4.

At all material times Plaintiff Rachel Andrew ("Plaintiff") was employed in the City of Portland, Oregon and a public employee under ORS 243.650(19)

5.

At all material times, Michael Reese ("Defendant Reese") was the appointed Chief of Police for the City of Portland, Oregon. Defendant Reese was working under the color of law on behalf of the Portland Police Bureau, an agency of the City of Portland, Oregon. Defendant Reese is a final policy maker for the Portland Police Bureau. Defendant Reese is sued in his individual capacity.

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

2  1st AMENDED COMPLAINT (JURY TRIAL DEMAND)

6.

At all material times, Christopher Davis ("Defendant Davis") was or is a Lieutenant or Captain for the Portland Police Bureau, in the State of Oregon, working under the color of law on behalf of the Portland Police Bureau, an agency of the City of Portland, Oregon. Defendant Reese supervised Defendant Davis in his capacity as a Lieutenant or Captain. Defendant Davis is sued in his individual capacity.

7.

At all material times, Defendant Portland Police Bureau was a political subdivision of the City of Portland, Oregon. As a local government entity, Defendant City of Portland is a suable person under 42 U.S.C. § 1983. At all times relevant to this Complaint, Defendant City of Portland employed Defendant Reese, and Defendant Davis. At all times relevant to this Complaint, Defendant Reese and Defendant Davis, were acting pursuant to Defendant City of Portland's laws, customs, and/or policies. As the employer of Defendant Reese and Defendant Davis, Defendant City of Portland is vicariously liable for all of the tortuous and unconstitutional acts and omissions of the defendants committed within the course and scope of their employment.

8.

All Defendants acted under color of law at all times relevant to this Complaint

9.

At all material times respondent City of Portland is a public employer within the meaning of ORS 243.650(20).

///

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

10.

Plaintiff is entitled to an award of attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

## FACTUAL ALLEGATIONS

11.

During 2006 and 2007 Plaintiff conducted an internal investigation regarding the improper use of an informant in violation of state law and Portland Police policy by an officer under Defendant Davis' supervision.

12.

At the conclusion of the investigation Plaintiff recommended discipline for the officer and, verbally informed her supervisor that Defendant Christopher Davis should also be disciplined.

13.

Soon after the conclusion of the aforementioned investigation and during 2007, Plaintiff applied for promotion to the rank of Lieutenant with the Portland Police Bureau.

14.

During the 2007 Lieutenant promotion process, Defendant Reese told Plaintiff that he took exception with the depth of her investigation of the officer under Defendant Davis' supervision and Defendant Davis.  Defendant Reese also informed Plaintiff that if she was selected for promotion that she should decline the promotion.

15.

In June of 2008 Plaintiff was promoted to the rank of Lieutenant.

///

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

4   1st AMENDED COMPLAINT (JURY TRIAL DEMAND)

16.

Within days of his assignment as the supervisor of the Portland Police Bureau's Internal Affairs Division, Defendant Davis initiated an investigation-targeting Plaintiff, claiming Plaintiff was untruthful. Defendant Davis did not advise his immediate supervisor that Plaintiff participated in an investigation of Defendant Davis in the past. Defendant Davis did not inform Plaintiff she was the target of an untruthfulness investigation before or during Plaintiff's first Internal Affairs interview in violation of Portland Police Bureau policy.

17.

Defendant Davis's assignment as supervisor of the Internal Affairs Division was his first and only opportunity to retaliate against Plaintiff since her recommendation that Defendant Davis be disciplined.

18.

At the conclusion of the investigation initiated by Defendant Davis, Commander Brumfield, the Internal Affairs Division Commander, authored a memo finding that the allegation of untruthfulness against Plaintiff was unfounded and not supported by Defendant Davis' investigation.

19.

On January 9, 2012, Defendant Davis authored his own memo in contradiction of Commander Brumfield, purposefully and with the intent of harming Plaintiff, omitted relevant facts supporting Plaintiff's position and recommended a sustained finding that Plaintiff was untruthful. Defendant Davis asserted that Plaintiff was untruthful when authoring a

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

5   1st AMENDED COMPLAINT (JURY TRIAL DEMAND)

memorandum documenting a telephone conversation with her subordinate, Sergeant Doug Justus, and during the Internal Affairs interviews referencing the same telephone conversation.

20.

Defendant Davis's finding and factual assertions that Plaintiff was untruth in her memorandum and interviews regarding her September 21, 2010 telephone conversation with Sergeant Doug Justice, are false, inaccurate, evidence of his bias, an attempt to retaliate against Plaintiff for her 2007 recommendation that Defendant Davis be disciplines, and untruthful in one or more, but not exclusive to, the following ways:

a. He never alerted his superiors of his inherent bias and that Plaintiff previously investigated that he.

b. He claims Plaintiff's description of Sergeant Justus as "yelling" to be untruthful, but Defendant purposefully and with the intention of harming Plaintiff's career did not interview or direct anyone to interview anyone preset with Plaintiff while she was on the phone Sergeant Justice.

c. He purposefully and with the intention of harming Plaintiff's career did not include in his memorandum that witnesses present with Sergeant Justus during the September 12, 2010 telephone call with Plaintiff describe Sergeant Justus as "speaking loudly," "passionate," "animated," "frustrated," "heated," "visibly upset," and "definitely upset."

d. He purposefully and with the intention of harming Plaintiff's career Defendant Davis based his decision that Plaintiff was untruthful on an incomplete video tape, knowing the video tape was incomplete.

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

6  1st AMENDED COMPLAINT (JURY TRIAL DEMAND)

    e.   He purposefully and with the intention of harming Plaintiff's career Defendant Davis did not gain possession of the complete video tape documenting the conversation between Plaintiff and Sergeant Justus.

    f.   He purposefully and with the intention of harming Plaintiff's career did not inform Plaintiff she was the subject of an internal investigation before her December 2010 interview.

    g.   He purposefully and with the intention of harming Plaintiff's career authored a memorandum addressed to the Director of Service recommending Plaintiff be disciplined that is false, omits relevant facts and is inaccurate.

21.

Defendant Reese disciplined Plaintiff on or about January 22, 2012 based upon Defendant Davis's conclusions.

22.

On or about June 26, 2012 Mayor Sam Adams signed Defendant Reese's discipline letter addressed to the Plaintiff.  Plaintiff's discipline of an 80 hours suspension then became official and Plaintiff served her 80 hours suspension from August 1, 2014 to August 15, 2014.  Plaintiff suffered financial harm as a direct result of Defendants Davis and Reese on or about August 1, 2014 to August 15, 2014.

23.

On or about June 29, 2012 Plaintiff received and signed the acknowledge letter of the aforementioned discipline.   Plaintiff's discipline of an 80 hours suspension then became official and Plaintiff served her 80 hours suspension from August 1, 2014 to August 15, 2014.

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

24.

Plaintiff sent the City of Portland the appropriate Tort Claim Notice via certified mail on December 3, 2012.

25.

Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries on or about June 13, 2013 claiming state and federal law violations, including but not limited to, retaliation and sexual discrimination.

26.

On January 31, 2014 the Oregon Bureau of Labor and Industries issued Plaintiff a 90 day Right to Sue letter.

27.

In 2013 Plaintiff applied for promotion to the rank of Captain with the Portland Police Bureau. At the end of the selection process in September of 2013, Plaintiff was ranked fifth out of thirteen applicants.

28.

Defendant Reese selected two applicants for promotion to the rank of Captain rated lower than Plaintiff. One of the applicants was Defendant Davis.

29.

On or about May 21, 2014 Defendant Davis gave false, misleading and/or inaccurate testimony during an arbitration hearing contesting Plaintiff's 80-hour suspension without pay. Defendant Davis' testimony was false, misleading and/or inaccurate in one or more, but not exclusive to, the following ways:

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

8 1st AMENDED COMPLAINT (JURY TRIAL DEMAND)

   a. He inaccurately claimed that he and Plaintiff either worked in the same Precinct or in the same unit in the past in an attempt to bolster is credibility.

   b. He failed to explain and falsely stated that he was not motivated to by Plaintiff's previous investigation and recommendation that Defendant Davis be disciplined.

   c. He purposefully and with the intention of harming Plaintiff's career did not include in his testimony that witnesses present with Sergeant Justus during the September 12, 2010 telephone call with Plaintiff describe Sergeant Justus as "speaking loudly," "passionate," "animated," "frustrated," "heated," "visibly upset," and "definitely upset."

   d. He purposefully and with the intention of harming Plaintiff's career based his decision that Plaintiff was untruthful on an incomplete video tape, knowing the video tape was incomplete.

   e. He purposefully and with the intention of harming Plaintiff's career testified falsely, omitted relevant facts from his testimony and was purposefully inaccurate.

**FIRST CLAIM FOR RELIEF: Retaliation**
42 U.S.C. 1983 Violation of 1st Amendment
(Defendant Davis)

30.

Plaintiff re-alleges all previous paragraphs.

31.

Plaintiff's investigation of Defendant Davis and subsequent recommendation that Defendant Davis be disciplined in 2006 and 2007 is a protected act under the 1st Amendment.

///

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

9  1st AMENDED COMPLAINT (JURY TRIAL DEMAND)

32.

Defendant Davis' decision to investigation or recommendation to discipline Plaintiff in 2010 were motivated by Plaintiff's 2006 and 2007 investigation and discipline recommendation of Defendant Davis.

33.

Plaintiff's investigation and recommendation regarding Defendant Davis was a motivating factor for Defendant Davis in at least one or more, but not exclusive to the following actions:

a. He never alerted his superiors of his inherent bias and that Plaintiff previously investigated that he.

b. He claims Plaintiff's description of Sergeant Justus as "yelling" to be untruthful, but Defendant purposefully and with the intention of harming Plaintiff's career did not interview or direct anyone to interview anyone preset with Plaintiff while she was on the phone Sergeant Justice.

c. He purposefully and with the intention of harming Plaintiff's career did not include in his memorandum that witnesses present with Sergeant Justus during the September 12, 2010 telephone call with Plaintiff describe Sergeant Justus as "speaking loudly," "passionate," "animated," "frustrated," "heated," "visibly upset," and "definitely upset."

d. He purposefully and with the intention of harming Plaintiff's career Defendant Davis based his decision that Plaintiff was untruthful on an incomplete video tape, knowing the video tape was incomplete.

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

10  1st AMENDED COMPLAINT (JURY TRIAL DEMAND)

e. He purposefully and with the intention of harming Plaintiff's career Defendant Davis did not gain possession of the complete video tape documenting the conversation between Plaintiff and Sergeant Justus.

f. He purposefully and with the intention of harming Plaintiff's career did not inform Plaintiff she was the subject of an internal investigation before her December 2010 interview.

g. He purposefully and with the intention of harming Plaintiff's career authored a memorandum addressed to the Director of Service recommending Plaintiff be disciplined that is false, omits relevant facts and is inaccurate.

h. He purposefully and with the intention of harming Plaintiff's career testified falsely, inaccurately and omitted relevant facts during the arbitration hearing contesting Plaintiff's discipline on or about May 21, 2014.

34.

As a result of the above-described actions Plaintiff has suffered damages totaling at least $300,000.00, including last wages, and benefits, harm to reputation, emotional distress, and incurrence of attorney fees and other costs.

**SECOND CLAIM FOR RELIEF**
42 U.S.C. 1983 Violation of the 1st Amendment
(Defendant Reese)

35.

Plaintiff re-alleges all paragraphs previously alleged.

36.

Plaintiff's investigation of Defendant Davis and subsequent recommendation that Defendant Davis be disciplined in 2006 and 2007 is a protected act under the 1st Amendment.

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

11   1st AMENDED COMPLAINT (JURY TRIAL DEMAND)

37.

Defendant Reese's decisions to discipline of Plaintiff on or about June 29, 2013 and/or not promote Plaintiff to the rank of Captain on or about September 19, 2013 were motivated by Plaintiff's investigation and subsequent recommendation to discipline Defendant Davis in 2006.

38.

Defendant Reese's discipline of Plaintiff had an adverse impact on Plaintiff's employment.

39.

As a result of the above-described actions Plaintiff has suffered damages totaling at least $300,000.00, including last wages, and benefits, harm to reputation, emotional distress, and incurrence of attorney fees and other costs.

### THIRD CLAIM FOR RELIEF: Substantive Due Process Violations
(Defendant Reese and Defendant Davis)

40.

Plaintiff re-alleges all previously alleged paragraphs.

41.

Among other acts, Defendants deliberately, jointly and severally, engaged in one or more, but not limited to the following acts in violation of plaintiff's substantive due process rights:

a. Allowing Defendant Davis, a person with an obvious bias against Plaintiff, to supervise, participate and draft findings on an investigation-involving Plaintiff.

b. Not collecting the complete videotape of the conversation between Sergeant Justus and Plaintiff.

c. Basing discipline on incomplete evidence and without collecting the complete recording of the conversation between Plaintiff and Sergeant Justus

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

    d.   There is sufficient information and belief to allege, Defendant Davis, within days of his assignment the internal affairs division, used his assignment to begin an investigation and aggressively pursue Plaintiff in retaliation of Plaintiff's previous investigation of Defendant Davis.

    e.   There is sufficient information and belief to allege, Defendant Reese knew of Defendant Davis' inherent bias and retaliatory motive and encouraged Defendant Davis's retaliation and unconstitutional conduct.

    f.   He purposefully and with the intention of harming Plaintiff's career testified falsely, inaccurately and omitted relevant facts during the arbitration hearing contesting Plaintiff's discipline on or about May 21, 2014.

42.

The above described actions violated Plaintiff's right to substantive due process. The actions of Defendants jointly and severally were intentional and without justification or right. The actions of Defendants of depriving Plaintiff her protected property interest the ability to perform her career and a fair and objective opportunity to answer to false allegations of misconduct violates the very concept of decency, shocks the conscience and were deliberate actions in violation of the United States Constitution.

43.

Defendant Reese is liable as Defendant Davis's in that Defendant Reese knew or reasonably should have known that Defendants Davis was involved in wrongful acts set forth above and that Defendant's conduct would likely deprive plaintiff of her constitutional rights, and in that Defendant Reese failed to act to prevent Defendant Davis from engaging in such wrongful conduct.

Sean J. Riddell<br>Attorney at Law<br>4411 NE Tillamook Ave<br>Portland OR, 97213<br>971/219-8453

13   1st AMENDED COMPLAINT (JURY TRIAL DEMAND)

44.

As a result of the above-described actions, plaintiff has suffered damages totaling at least $300,000, including lost wages and benefits, lost economic potential, harm to reputation, emotional distress, and incurrence of attorney fees and other costs.

45.

Plaintiff has incurred attorney fees and costs in pursuing this claim.

46.

Plaintiff's secured due process rights were intentionally deprived by Defendant Reese in his failure to properly supervise Defendant Davis herein who engaged in illegal, malicious, and wrongful conduct, together and individually.

47.

Defendant Davis' investigation and recommendation for discipline in retaliation of Plaintiff's previous investigation of Defendant caused irreparable harm to Plaintiff's employment potential and a deprivation of Plaintiff's 14th Amendment rights.

48.

Defendants Reese knew or reasonably should have known that his subordinate was engaging in acts and that his conduct would deprive the Plaintiff of her 14th Amendment rights, and Defendants Reese failed to act to prevent the conduct of his subordinate from engaging in such conduct.

49.

The conduct of Defendant Reese's subordinate, Defendant Davis, is well defined by law and Defendant Davis knew or reasonably should have known that his conduct was not only well below the standard of law described herein, but was illegal per se.

///

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

50.

As a result of the above-described actions Plaintiff has suffered damages totaling at least $300,000.00, including last wages, and benefits, harm to reputation, emotional distress, and incurrence of attorney fees and other costs.

**FOURTH CLAIM FOR RELIEF: RETALIATION**
Title VII of the Civil Rights Act, 42 U.S.C. § 2000e
(Defendant City of Portland)

51.

Plaintiff re-alleges all previous paragraphs.

52.

Plaintiff's investigation or discipline recommendations regarding Defendant Davis are protected acts under the 1st Amendment.

53.

Plaintiff's investigation or discipline recommendation regarding Defendant Davis were motivating factors for Defendant Reese or Defendant Davis when deciding whether or not to investigate or discipline Plaintiff.

54.

As a result of the above-described actions Plaintiff has suffered damages totaling at least $300,000.00, including last wages, and benefits, harm to reputation, emotional distress, and incurrence of attorney fees and other costs.

55.

As a result of Constitutional violations and Tortious acts listed in the above four claims for relief, Plaintiff suffered mental and emotional distress, economic damages and lost of future income.  The extent of Plaintiff's damages will be more fully proven at trial.

56.

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

As a result of the above-described actions Plaintiff has suffered damages totaling at least $300,000.00, including last wages, and benefits, harm to reputation, emotional distress, and incurrence of attorney fees and other costs.

WHEREFORE Plaintiff pray as follows:

1. Findings that Defendants violated Plaintiff's substantive due process rights and free speech rights.

2. Findings that Defendants denied Plaintiff's her right to free speech in violation of the First Amendment;

3. Findings that Defendants engaged in retaliation against Plaintiff for exercising her First Amendment free speech rights;

4. Judgment against Defendants for economic and non-economic losses to Plaintiff for the constitutional violations herein for at least $300,000.00 or in an amount to be proven at trial;

5. Judgment against Defendants for punitive damages in a fair and reasonable amount to be proven at trial;

6. Judgment against Defendants for deterrence damages in a fair and reasonable amount to be proven at trial; and

///
///
///
///
///
///

Sean J. Riddell
Attorney at Law
4411 NE Tillamook Ave
Portland OR, 97213
971/219-8453

7.  Judgment for costs, interests, attorney fees and such other and further relief as the Court deems just and equitable.

DATED this September 19, 2014

                                                    Respectfully submitted,

                                                    /s/ *Sean J. Riddell*
                                                    Sean J. Riddell  OSB 013493
                                                    Of Attorney for Plaintiff

                                                                       Sean J. Riddell
                                                                       Attorney at Law
                                                                     4411 NE Tillamook Ave
                                                                      Portland OR, 97213
                                                                       971/219-8453