DENIS M. VANNIER, Oregon State Bar ID Number 044406
Deputy City Attorney
Email denis.vannier@portlandoregon.gov
SIMON WHANG, Oregon State Bar ID Number 035282
Deputy City Attorney
Email simon.whang@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-
Of Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RACHEL ANDREW**, <br><br> **PLAINTIFF,** <br><br> v. <br><br> **CITY OF PORTLAND; MICHAEL REESE; CHRISTOPHER DAVIS; by and through the Portland Police Bureau and the City of Portland, a political subdivision of the State of Oregon,** <br><br> **DEFENDANTS.** | 3:14-cv-00671-HU <br><br> **DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT** <br><br> (Oral Argument Requested) |

**I.   Motion**

Defendants City of Portland, Michael Reese, and Christopher Davis ("defendants") hereby move this court under FRCP 12 for an order dismissing with prejudice all of plaintiff's claims against them.  Pursuant to Local Rule 7(a), defendants made a good-faith effort through telephone conferences with opposing counsel to resolve the matters disputed herein and have been unable to do so.

Plaintiff's original complaint in this case did not contain allegations sufficient to describe the claimed legal violations—in fact, it was often impossible even to discern the legal claims plaintiff was attempting to make. Defendants' original motion to dismiss accordingly asked this Court to order plaintiff to make such claims more definite and certain or, alternatively, to dismiss those claims outright. In response, plaintiff has now filed a First Amended Complaint. But despite having had the opportunity to correct the problems identified in defendants' original motion to dismiss, that amended complaint is still defective in the same respects as the first. And while plaintiff has added a few facts to her complaint, those facts still fail to address the issues raised in defendants' original motions to dismiss. Plaintiff's claims remain legally deficient and factually unsupported, and they cannot survive dismissal. Defendants therefore move this Court for an order dismissing all claims with prejudice.

Specifically, defendants move this Court for an order as follows:

1. Dismissing plaintiff's 42 USC § 1983 retaliation claim against defendant Davis (first claim for relief) with prejudice because plaintiff did not allege facts showing causation and otherwise did not make sufficient factual allegations to support her claim as required by FRCP 12(b)(6).

2. Dismissing plaintiff's 42 USC § 1983 retaliation claim against defendant Reese (second claim for relief) with prejudice because plaintiff did not allege facts supporting her First Amendment claim and otherwise did not make sufficient factual allegations to support her claim as required by FRCP 12(b)(6).

3. Dismissing plaintiff's substantive-due-process claim against defendants Reese and Davis (third claim for relief) with prejudice because plaintiff did not and cannot allege facts that implicate substantive due process, because the claim is barred by her first two claims under the First Amendment, and because plaintiff otherwise did not make sufficient factual allegations to support her claim as required by FRCP 12(b)(6). Furthermore, because plaintiff fails to bring

Page  2 –   DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
            MEMORANDUM IN SUPPORT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

this claim under 42 USC § 1983, her Fourteenth Amendment claim must be dismissed with prejudice since because it lacks any legal vehicle or basis to proceed.

      4.      Dismissing plaintiff's Title VII retaliation claim against defendant City of Portland (fourth claim for relief) with prejudice because plaintiff did not make factual allegations to show causation or to otherwise support her claim as required by FRCP 12(b)(6), and because that claim appears to be unexhausted and untimely.

## II.    Standard for Granting a Motion to Dismiss Under FRCP 12(b)(6) and Pleading Requirements

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). But legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

FRCP 8 sets forth the basic rules for pleadings filed in this Court. In particular, a proper pleading requires "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." FRCP 8(a)(s); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FRCP 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotation marks and ellipsis omitted). Although that standard does not mandate "detailed factual allegations," it does require sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 355 U.S. at 555. And the "plain statement" required by the rules "must possess enough

Page 3 –   DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
              MEMORANDUM IN SUPPORT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

heft to 'sho[w] that the pleader is entitled to relief.'" *Id*. at 557 (quoting FRCP 8(a)(s)). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id.* at 555 (internal citations and quotation marks omitted).

The Supreme Court has recently summarized the standard for granting motions to dismiss and federal pleading requirements in the following terms:

- "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."
- "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss."

*Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). In other words, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"; without such factual allegations, they "are not entitled to the assumption of truth." *Id.* at 679. A plaintiff must plead facts sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Here, as explained below, none of plaintiff's claims meets the above threshold.

### III.  Argument

Plaintiff alleges that defendants engaged in a variety of activities related to an investigation and eventual decision to discipline her, which she claims violated a variety of her rights under the First and Fourteenth Amendment to the United States Constitution and Title VII of the Civil Rights Act of 1964. (*See* Docket 22, Amended Complaint ("Amended Complaint") at ¶¶ 30-55). But none of those claims contain factual assertions sufficient to describe—let alone support—the alleged violations of law and entitlement to relief. Plaintiff's claims consist mainly of generic headings stating the violations of law alleged and some legal conclusions, without factual allegations sufficient to determine the basis of each claim or the nexus to the relief sought. Indeed, some of plaintiff's claims verge on the inscrutable. For those reasons, this Court

should order those claims to be dismissed with prejudice.

A.     *First Claim for Relief:* Plaintiff asserts a §1983 claim based on purported violations of the First Amendment, but does not show causation.[1]

The heading to plaintiff's first claim for relief states that it is a §1983 retaliation claim against defendant Davis for alleged "[v]iolation of 1st Amendment." (Amended Complaint at ¶¶ 30, 31-33). More specifically, plaintiff alleges that Davis's "decision to investigation [*sic*] or recommendation to discipline plaintiff in 2010" was taken in retaliation for "Plaintiff's 2006 and 2007 investigation and discipline recommendation of Defendant Davis" which plaintiff contends "is a protected act under the 1st Amendment." (Amended Complaint at ¶ 31). But plaintiff pleads insufficient facts to support those legal theories, and this retaliation claim is improperly pleaded. This Court should therefore dismiss this claim.

To state a claim for retaliation based on exercise of First Amendment rights, a plaintiff must allege the following elements: **(1)** the plaintiff engaged in expressive conduct that addressed a matter of public concern; **(2)** the government official took an adverse action against the plaintiff; and **(3)** the expressive conduct was a substantial or motivating factor for the adverse action taken by the government official. *Alpha Energy Savs., Inc. v. Hansen,* 381 F.3d 917, 923 (9th Cir. 2004). In this case, plaintiff's First Amendment retaliation claim does not satisfy—indeed, cannot satisfy—the third element of causation.

Plaintiff appears to claim that defendant Davis took adverse action against her in 2010 2012, and 2014, which she contends was motivated by protected speech in "2006 and 2007." (Amended Complaint at ¶¶ 19, 20, 33). But that bare allegation is insufficient to allege causation. Courts have consistently held that such a long delay—in this case, three years or more—

---

[1] As noted previously, defendants have concurrently moved for partial summary judgment against this claim on statute-of-limitations grounds. (*See* Defendants' Motion for Partial Summary Judgment). Defendants make the present motion in the alternative, in the event this Court were to decline defendant's motion for partial summary judgment.

Page  5  –    DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
                    MEMORANDUM IN SUPPORT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

suggests, on its own, no causation at all. *See, e.g., Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (*per curiam*) (holding that a delay of "almost two years" between protected speech and the challenged action "suggests, by itself, no causality at all"); *cf. Freitag v. Ayers*, 468 F.3d 528, 543 (9th Cir. 2006) (holding that a delay of only "months" could support an inference of causation); *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 929 (9th Cir.2004) (explaining that, typically, a "three-to-eight-month time range" will support an inference of causation). Here, plaintiff does not point to any facts that would suggest any causal link between her alleged speech "in 2006 and 2007" and the initiation of a disciplinary investigation in 2010.

Instead, plaintiff merely states a legal conclusion: she alleges, without sufficient supporting facts, that her alleged speech "in 2006 and 2007" was "a motivating factor" in the decision to investigate her three years later. Legal conclusions are insufficient to make out a claim of First Amendment retaliation. This Court should therefore dismiss this claim with prejudice.

**B.    <u>Second Claim for Relief:</u> *Plaintiff asserts a §1983 claim based on purported violations of the First Amendment, but does not show causation.***

The heading to plaintiff's second claim for relief states that it is a §1983 claim against defendant Reese for alleged "[v]iolation of the 1st Amendment." (Amended Complaint at ¶ 35). More specifically, plaintiff alleges that defendant Reese's "decisions to discipline of [*sic*] Plaintiff on or about June 29, 2013, and/or not promote Plaintiff to the rank of Captain on or about September 19, 2013, were motivated by" plaintiff's alleged "investigation and subsequent recommendation to discipline Defendant Davis in 2006"—which plaintiff contends "is a protected act under the 1st Amendment." (Amended Complaint at ¶¶ 36-37). But for the same reasons discussed above with respect to plaintiff's first claim for relief, this claim is improperly pleaded. This Court should therefore dismiss it.

/////

First, as explained above, to state a §1983 claim for an alleged violation of the First Amendment, a plaintiff must plead sufficient facts to suggest that "the expressive conduct was a substantial or motivating factor for the adverse action taken by the government official." *Alpha Energy Savers, Inc.,* 381 F.3d at 923. Here, plaintiff does not point to any facts that would support such an inference. Indeed, she states that her alleged protected conduct occurred *six years or more* before the alleged retaliatory act. (*See* Amended Complaint at ¶ 37). Moreover, plaintiff acknowledges that defendant Reese was not even the target of plaintiff's alleged protected speech those many years before. (Amended Complaint at ¶ 36). Plaintiff therefore does not plead sufficient facts to make out a First Amendment retaliation claim. *See Clark County Sch. Dist.*, 532 U.S. at 273-74 (a delay of "almost two years" between protected speech and the challenged action "suggests, by itself, no causality at all"). This Court should accordingly dismiss plaintiff's claim on that basis with prejudice

C. <u>**Third Claim for Relief:** **Plaintiff appears to be trying to assert a substantive-due-process claim, but 1) the allegations pleaded do not state such a claim, 2) plaintiff cannot simultaneously pursue free-speech and substantive-due-process claims on the same facts, 3) because plaintiff fails to assert her claim under Section 1983, it fails.**</u>[2]

This claim purports to be against defendants Reese and Davis for alleged "Substantive Due Process Violations." (Amended Complaint at ¶ 39). But plaintiff does not—and cannot—allege any facts that would state a claim for deprivation of substantive due process under any recognized category. Moreover, the rights that plaintiff appears to be trying to vindicate are already protected by a specific constitutional amendment and therefore cannot also serve as a basis for a substantive due process claim. Finally, while plaintiff claims a violation of her Fourteenth Amendment Constitutional rights, she fails to bring her claim under USC §1983,

---

[2] As noted previously, defendants have concurrently moved for partial summary judgment against this claim on statute-of-limitations grounds. (*See* Defendants' Motion for Partial Summary Judgment). Defendants make the present motion in the alternative, in the event this Court were to decline defendant's motion for partial summary judgment.

which is the only proper vehicle for bringing such a claim. For those reasons, this Court should order this claim dismissed with prejudice.

While Plaintiff describes this claim as "Substantive Due Process Violations," the allegations in support of that claim do not appear to fit into any category of recognized substantive due process claim. Plaintiff states conclusorily that defendants' actions deprived plaintiff of her "ability to perform her career"—although plaintiff does not dispute that she is still employed by the City. (*See* Amended Complaint at ¶¶ 42). To bring a substantive due process claim, however, plaintiff had to allege sufficient facts to satisfy two elements.

First, she had to show that an executive action deprived her of a right fundamental to our concepts of ordered liberty—since substantive due process rights have generally been limited to areas of personal, intimate, and individual rights. Those areas include "for the most part * * * matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright, v. Oliver,* 510 U.S. 266, 272 (1994) (citing *Planned Parenthood of Southeastern Pa. v. Casey,* 505 U.S. 833, 847-849 (1992)). Here, plaintiff does not—and cannot—allege that her claim falls within any recognized category of substantive due process claim. The only allegations plaintiff makes describing any harm is limited entirely to a property interest—employment—and even then only to a vague "ability to perform her career." (Amended Complaint at ¶ 42). This is not the kind of "personal, intimate, and individual rights" that implicate substantive due process, and plaintiff cannot show otherwise. For that reason, as a matter of law, plaintiff cannot plead a substantive due process claim in this case.

Second, to plead a substantive due process claim, plaintiff also had to point to conduct on the part of defendants that "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (quoting *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 128 (1992)). Here, plaintiff alleges generic improper behavior by defendants Davis and Reese (*See* Amended Complaint at ¶ 41), but

provides no facts suggesting that the defendants' conduct was "arbitrary, or conscience shocking, in a constitutional sense." *County of Sacramento,* 523 U.S. at 847. Plaintiff does not allege that she lost her employment but merely that she received an 80-hour suspension, coupled with a vague and conclusory allegation that she was deprived of "the ability to perform her career and a fair and objective opportunity to answer to false allegations of misconduct." (Amended Complaint at ¶ 41). But she does not articulate how that brief suspension somehow affected her ability to perform her career (which she continues to perform). And she does not show how she was deprived the ability to answer allegation of misconduct, given that she received an arbitration hearing where she had opportunity to be heard. (Amended Complaint at ¶ 29).

Even more fundamentally, as alluded to above, discipline in an employment context—no matter its level—does not rise to the level of shocking the conscience in the constitutional sense. The Supreme Court has repeatedly cautioned against expanding substantive-due-process protections to novel areas: "As a general matter, the Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decision making in this unchartered area are scarce and open-ended." *Albright, v. Oliver,* 510 U.S. 266, 271-72 (1994) (quoting *Collins v. Harker Heights,* 503 U.S. 115, 125 (1992)). Because plaintiff cannot possibly plead a substantive-due-process claim in this case, this court should dismiss this claim with prejudice.

Furthermore, as the Supreme Court explained in *Albright*, a plaintiff cannot bring a substantive-due-process claim if she can bring a claim on the same facts under another constitutional provision. *See Albright,* 510 U.S. at 274-75 (affirming dismissal of substantive due-process-claim because the plaintiff could bring a claim under the Fourth Amendment). Here, plaintiff has already brought a claim under the First Amendment because she alleges she was disciplined for exercising her free-speech rights. (*See* Amended Complaint, claims 1 and 2). The present claim is based on the same facts. Because plaintiff already has a specific remedy for

Page 9 –   DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT

those alleged free-speech violations under a specific constitutional provision—the First Amendment—this court cannot consider a duplicate substantive-due-process claim based on the same events.

Finally, in an apparent attempt to avoid a fatal statute-of-limitations bar to her §1983 claims (*see* Motion for Partial Summary Judgment), plaintiff has amended her Third Claim for Relief to simply omit any reference to §1983. *(Compare* Complaint at ¶ 36 to Amended Complaint at ¶ 39). By doing so, however, plaintiff has abandoned the only legal vehicle for bringing a substantive-due-process claim. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (explaining that Section 1983 is the vehicle to enforce substantive rights provided elsewhere by the federal government, such as constitutional rights). In other words, plaintiff cannot bring a standalone substantive due process claim—instead, she must bring her claim under §1983. Plaintiff points to no other authority that would allow her to bring such a claim.

In sum, plaintiff's third claim for relief relies mostly on conclusory legal assertions, and does not fit any recognized category of substantive-due-process claim. Moreover, plaintiff cannot bring a substantive due process claim in the context of workplace discipline, and this claim appears to be merely duplicative of claims one and two. Finally, plaintiff fails to bring this constitutional claim under §1983 and does not explain how this claim would satisfy the procedural requirements of §1983. For those reasons, as discussed above, this Court should dismiss this claim with prejudice.

D. <u>*Fourth Claim for Relief*</u>: *Plaintiff purports to make a Title VII retaliation claim but does not properly plead such a claim.*

The heading for this claim states that it arises under "Title VII of the Civil Rights Act, 42 U.S.C. § 2000e." (*See* Amended Complaint at ¶ 50). But the body of the claim contains no further reference to Title VII, referring instead to acts allegedly protected by the First Amendment. (*See* Amended Complaint at ¶ 52). Plaintiff does not allege any facts sufficient to

Page 10 –   DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
             MEMORANDUM IN SUPPORT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

plead a violation of Title VII of the Civil Rights Act of 1964,[3] and this Court should therefore order this claim to be dismissed with prejudice.

The elements of a *prima facie* case of retaliation under Title VII are the following: plaintiff **(1)** engaged in an activity protected by Title VII; **(2)** she was subject to an adverse employment action; and **(3)** there exists a causal link between the protected activity and the employer's action. *Passantino v. Johnson & Johnson Consumer Products, Inc.,* 212 F.3d 493, 506 (9th Cir. 2000). Here, plaintiff does not plead any facts that would support such a claim. In particular, she does not identify any activity protected by Title VII in which she allegedly engaged, or that there was any causal link between such protected activity and an adverse employment action.

Defendants could find only this reference to any action arguably implicating Title VII: "Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries on or about June 13, 2013 claiming state and federal law violations, including but not limited to, retaliation and sexual discrimination." (Amended Complaint at ¶ 25). But plaintiff does not appear to claim that she was subjected to any adverse action for making that BOLI complaint. Instead, she claims constitutional violations arising from alleged retaliation. Alleging constitutional violations, however, is not the same thing as alleging a violation of Title VII. Title VII protects those rights enumerated in Title VII—it is not a vehicle for enforcing other rights, such as constitutional rights.[4] *See Passantino*, 212 F.3d at 506 (noting that a Title VII claim requires a showing that the plaintiff "engaged in activity *protected by Title VII*") (emphasis added). Furthermore, for the same for the same reasons already discussed above in response to plaintiff's first and second

---

[3] 42 USC §§ 2000e - 2000e-16

[4] Moreover, to the extent plaintiff is attempting to make a First Amendment retaliation claim, or to state some claim under the Fourteenth Amendment, such a claim fails for the same reasons already discussed above in response to plaintiff's first and second claims for relief.

claims for relief, plaintiff cannot show any causal connection between her actions in 2006 and 2007, and defendants' actions many years later.

In addition, to the extent plaintiff intended to plead a discrimination claim under Title VII—which prohibits discrimination by an employer against individuals on the basis of a protected class of race, color, religion, sex or national origin—Plaintiff provides no facts, explanation, or theory that would support such a claim.[5]  Plaintiff does not allege that she was discriminated against based on her membership in any protected class and does not point to any allegedly discriminatory actions on the part of defendants.

Finally, plaintiff does not plead any facts that would show that she filed this claim within 90 days for receiving a right-to-sue letter from the EEOC. *See Surrell v. California v. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2007) (explaining that a person "seeking relief under Title VII must first file a charge with the EEOC" and subsequently must file her federal claim within 90 days of "receive[ing] an EEOC right-to-sue letter.") As pleaded, plaintiff's Title VII claim appears to be both unexhausted and time-barred.

In sum, plaintiff does not make any factual allegations sufficient to support a Title VII claim, be it a retaliation claim or a discrimination claim. This Court should therefore dismiss this claim with prejudice.

---

[5] 42 USC § 2000e-2. *[Section 703]* (a) Employer practices. It shall be an unlawful employment practice for an employer –

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

Page  12 –   DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
                MEMORANDUM IN SUPPORT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

**IV.    Conclusion**

Plaintiff's claims do not contain allegations sufficient to describe the claimed legal violations, and in some instances it is impossible even to discern what kind of legal claim plaintiff is attempting to make.  Because of the factual inadequacies and the legal hindrances explained above, plaintiff does not state claims for which relief can be granted. Plaintiff has had notice of those deficiencies but failed to fix them in this amended complaint.  For those reasons, this Court should order all claims to be dismissed with prejudice.  Defendants will also seek prevailing-party costs, including reasonable attorney fees, as allowed under 42 USC § 1988.

Dated:  October 14, 2014

Respectfully submitted,

*/s/ Simon Whang*
SIMON WHANG, OSB # 035282
Deputy City Attorney
Telephone: (503) 823-4047
Attorney for Defendants

Page  13  –  DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT